


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff-Counterclaim-Defendant,<br><br>vs.<br><br>ROBERT MIELL,<br><br>Defendant-Counterclaimant. | ) | CASE NO. 1:04-CV-142 |
| ROBERT MIELL,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and BRETT THROLSON AGENCY, INC.,<br><br>Third Party Defendants. | ) | DEFENDANT-COUNTER-CLAIMANT/THIRD PARTY PLAINTIFF'S MOTION IN LIMINE<br><br>ORAL ARGUMENT REQUESTED |

The Defendant/Counterclaimant/Third Party Plaintiff, by his attorney, Peter C. Riley of the Tom Riley Law Firm, P.L.C. respectfully moves the Court in limine for an Order requiring the Plaintiff/Counterclaim Defendant, American Family Mutual Insurance Company, and Third Party Defendants, Brett Throlson and Brett Throlson Agency, Inc. their attorneys and witnesses from referring, directly or indirectly, to the following matters:

1. American Family, as a mutual insurance company, is owned by its policyholders. In connection with the Stipulation used in the Pretrial Order, American Family proposed language including the fact that, as a mutual


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

insurance company, it is owned by its policyholders. While that is undisputed, the fact that it is owned by policyholders, as opposed to stockholders, could cause jurors to view the company in a different light. Who owns American Family is irrelevant. Fed. Rule of Evid. 402. The standard instruction that corporations are to be treated no differently than persons would militate against casting them as a "policy owned" corporation.

2. Robert Miell's practice of purchasing properties at Sheriff's sale and the frequency in which he does so purchase said properties. American Family's proposed Stipulation made reference to the fact that Miell has purchased properties at Sheriff's sale with some frequency. The fact that Miell has bid on properties at an execution sale, which is a public sale, albeit a judicial one, is not relevant to any issue in this case. Fed. Rule of Evid. 402.

3. The value of Robert Miell's property, debt on said property and his net worth. American Family's proposed Stipulation includes language concerning Miell's estimate as to the value of his property holdings, and the amount of debt on the property and net worth. The Stipulation was modified in the course of preparing the Final Pretrial Order to reflect the fact that in the event there was a liquidation, that there would be tax consequences including capital gain and the recapture of depreciation, so that the calculation of Miell's net worth is not simply a matter of taking the value of his property and subtracting his net worth. If American Family generates a prima facie case entitling it to punitive damages, Miell's ability to pay would become relevant. However, until the prima facie case is engendered, the net worth should not be allowed. In addition, if a prima facie


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

case is generated, the Court should not permit evidence which would involve speculation as to Miell's net worth, but should require evidence dealing with liquidation values. The net worth figures would be based upon general assumptions as to value of the property, and any liquidation of rental properties would result in substantial offsets against the equity for capital gains tax and depreciation recapture.

4. Miell has been indicted, and certain claims in the indictment are related to the claims made by American Family against Miell in this action. Indictment is a mere accusation, and there is a presumption of innocence. Allowing evidence of the indictment is not only not relevant, Fed. Rule of Evid. 402, but would be highly prejudicial, Fed. Rule of Evid. 403, as it could make the jury believe that the Federal Government, by charging Miell with the same matters, is endorsing the validity of American Family's claims.

5. Any references to various articles in the *Cedar Rapids Gazette* concerning Miell. The local newspaper has had numerous stories concerning Miell, which have portrayed him in an uncomplimentary light. It may be appropriate during *voir dire* to inquire whether people have read anything about Miell, and it may be appropriate to sequester jurors in examining about this, or provide a pretrial questionnaire to the jurors to determine if they are aware of newspaper articles in general, or the indictment referred to in paragraph 4. However, any allegations concerning Miell contained in media accounts is inadmissible hearsay, Fed. Rule of Evid. 802, is not relevant, Fed. Rule of Evid. 402, and highly prejudicial, Fed. Rule of Evid. 403.




6. Any relationship between Robert Miell and R. Gordon Sargeant. Miell was questioned during his deposition concerning any potential relationship with an R. Gordon Sargeant, and suggestions were made that there were some improprieties concerning this relationship. There has not been any reference to this relationship in the portions of the Stipulation proposed by American Family and Miell believes American Family may not have any intent to raise matters concerning Sargeant at trial. However, any alleged impropriety concerning the relationship would constitute other acts prohibited by Fed. Rule of Evid. 404(b).

7. Any other alleged wrongful acts not related to American Family's allegations. Given the allegations that have been made against Miell in the local media and in connection with some of the examination of Miell in his pretrial deposition, it is impossible for Miell to anticipate every potential allegation which would be another act under Fed. Rule of Evid. 404(b), which allegations would not be relevant, Fed. Rule of Evid. 402, and could be highly prejudicial and prohibited by Fed. Rule of Evid. 403. Therefore, Miell would request that the Court not allow evidence of other acts unrelated to the specific allegations raised by American Family in its complaint.

8. Defendant/Counterclaimant/Third Party Plaintiff Miell requests oral argument on this Motion.

WHEREFORE, the undersigned prays the Court grant this Motion in Limine.




TOM RILEY LAW FIRM, P.L.C.

By: /s/ Peter C. Riley
PETER C. RILEY AT0006611
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: peterr@trlf.com

ATTORNEY FOR DEFENDANT

PROOF OF SERVICE

The undersigned certifies that on December 17, 2007 the foregoing instrument was electronically filed with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically upon the following: David J. W. Proctor and David N. May

Signature /s/ Phyllis Ditch