IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　Plaintiff-Counterclaim Defendant,<br><br>vs.<br><br>ROBERT MIELL,<br><br>　　Defendant-Counterclaimant.<br>--------------------------------------------------<br>ROBERT MIELL,<br><br>　　Third-Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and<br>BRETT THROLSON AGENCY, INC.,<br><br>　　Third-Party Defendants. | No. C04-0142<br><br>RULING ON MOTIONS IN LIMINE |

## TABLE OF CONTENTS

*I.*   *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.*  *AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S*
      *MOTION IN LIMINE.* . . . . . . . . . . . . . . . . . . . . . . . . . 2
      *A.  Post-Fraud Repairs of Roofs.* . . . . . . . . . . . . . . . . . . 2
      *B.  Alleged One-Year Deadline.* . . . . . . . . . . . . . . . . . . . 4
      *C.  American Family's Summary Judgment Brief.* . . . . . . . . . . . 4
      *D.  The Summary Judgment Process and the Dismissed Claims.* . . . . . 5

*III.* *MIELL'S MOTION IN LIMINE.* . . . . . . . . . . . . . . . . . . . . . 5
      *A.  Identifying American Family As a "Mutual" Insurance Company.* . . 5
      *B.  Purchasing Properties at Sheriff's Sales.* . . . . . . . . . . . 6
      *C.  Value of Miell's Property, Debt Owed on the Property,*
      *    and Miell's Net Worth.* . . . . . . . . . . . . . . . . . . . . 6

|  | D. | *Miell's Pending Criminal Charges.* | 6 |
|---|---|---|---|
|  | E. | *Newspaper Articles Relating to Miell.* | 8 |
|  | F. | *Relationship Between Robert Miell and R. Gordon Sargeant.* | 9 |
|  | G. | *Other Alleged Wrongful Acts Not Related to American Family's Allegations.* | 10 |
| IV. | *THROLSON'S MOTION IN LIMINE.* | | 11 |
|  | A. | *Existence of Liability Insurance.* | 11 |
|  | B. | *Opinion Testimony Regarding Whether Throlson is Telling the Truth.* | 11 |
|  | C. | *Any Reference to Any Statute, Rule or Regulation.* | 11 |
|  | D. | *Damages in Excess of the Amounts Claimed.* | 11 |
|  | E. | *Transcript of Tape Recorded Conversations Between Miell and Throlson.* | 12 |
| V. | *ORDER.* | | 12 |

## I. INTRODUCTION

On the 21st day of December 2007, this matter came on for hearing on the Motion in Limine (docket number 94) filed by Plaintiff American Family Mutual Insurance Company on December 17, 2007, the Motion in Limine (docket number 97) filed by Defendant Robert Miell on December 17, 2007, and the Motion in Limine (docket number 93) filed by Third-Party Defendants Brett Throlson and Brett Throlson Agency, Inc. on December 17, 2007. American Family was represented by its attorneys, David J.W. Proctor and David N. May. Robert Miell was represented by his attorney, Peter C. Riley. Brett Throlson was represented by his attorney, Patrick L. Woodward.

## II. AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION IN LIMINE

The Motion in Limine (docket number 94) filed by Plaintiff American Family Mutual Insurance Company ("American Family") is in four parts:

### A. Post-Fraud Repairs of Roofs

Following a hail storm on May 10, 2001, Defendant Robert Miell ("Miell") submitted more than 145 claims to American Family for damages to properties owned by

Miell. Pursuant to the terms of the insurance policies, American Family paid Miell the actual cash value of the damaged roofs. Subsequent to his receipt of the actual cash value payments, Miell submitted further documentation, suggesting the roofs had been replaced or repaired. American Family then paid Miell additional amounts, representing the replacement cost of the roofs. American Family subsequently discovered, however, that the documentation submitted by Miell had been fabricated. Miell had not repaired or replaced the roofs of 144 of the 145 properties as of the time he cashed the replacement cost checks sent to him by American Family.

In Part A of its Motion in Limine, American Family requests that the Court enter an order preventing Miell from introducing any evidence regarding his contention that he eventually repaired or replaced those 145 roofs on a date after he had submitted the false claims and received payment. At the time of hearing, American Family conceded that in order to establish its claim of fraudulent misrepresentation, it is required to prove that Miell intended to deceive American Family. *See* American Family Mutual Insurance Company's requested jury instructions (docket number 96) at 27. Miell contends that he submitted false claims to American Family due to a perceived one-year deadline for filing claims and that he "always intended to do the repair work on all of the roofs." *See* Miell's Response to Motion in Limine (docket number 108) at 1-2. That is, Miell argues that evidence of the subsequent repairs demonstrates that he did not have an intent to defraud American Family.

Generally, all relevant evidence is admissible. FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In this case, the "fact that is of consequence" is whether Miell had an intent to deceive American Family when he submitted the false claims. *Western Reserve Life Assur. Co. of Ohio v. Bratton*, 464 F. Supp. 2d 814, 842 (N.D. Iowa 2006). If Miell subsequently effected the repairs to the roofs, then it supports his argument that he submitted the false claims merely to comply

3

with a perceived one-year deadline and he did not have an intent to deceive American Family. That is, it is "less probable" that he intended to commit fraud if the repairs were, in fact, subsequently completed. The Court concludes that evidence of the belated repairs is relevant to the issue of Miell's intent and is, therefore, admissible. Accordingly, American Family's Motion in Limine in this regard will be **DENIED**.

### B. Alleged One-Year Deadline

Similarly, American Family requests that the Court enter an order prohibiting Miell from offering any evidence regarding his contention that American Family imposed a one-year deadline for submission of claims for replacement cost reimbursement. For the reasons set forth in Part A above, the Court concludes that this evidence is relevant to the issue of whether Miell had an intent to deceive American Family. Therefore, the Motion will be **DENIED**.

### C. American Family's Summary Judgment Brief

Miell claims that he was advised in a letter from American Family that he had one year from the date of loss to repair or replace the damaged roofs in order to receive replacement cost benefits. American Family denies that it imposed a one-year deadline. Initially, Miell was unable to produce a copy of the letter which he believes imposed a one-year deadline. In a brief filed in support of its Motion for Summary Judgment, American Family chastised Miell for his inability to produce the document and implied that no such document exists. In a letter to the Court following the instant hearing, Miell's counsel identifies the language from American Family's brief which Miell would like to offer as an exhibit at the time of trial.

The parties continue to dispute whether such a letter was sent regarding *these* claims, if a similar letter was sent regarding *another* claim, or whether Miell misunderstood a letter received from American Family on this issue. The question of whether Miell believed that American Family had imposed a one-year deadline for submission of replacement cost claims is relevant to the issue of whether he had an intent to deceive. Both parties are free to offer evidence regarding the existence or non-existence

of a one-year deadline. The jury may decide whether Miell believed a one-year deadline applied and, if so, what significance should attach to that fact, if any. The Court concludes, however, that whether American Family represented to the Court that no letter existed establishing a deadline for the filing of claims, is not probative to any issue to be submitted to the jury. Accordingly, the Motion in Limine in this regard will be **GRANTED**. The Defendant shall not offer any evidence or argument regarding statements made by American Family in its summary judgment brief.

### D. *The Summary Judgment Process and the Dismissed Claims*

American Family objects to the introduction of any evidence regarding the filing of motions for summary judgment or reference to any dismissed claims. In its Response (docket number 108) filed on the day of hearing, Miell does not object to this portion of the Motion in Limine. Accordingly, this portion of the Motion in Limine will be **GRANTED**. The Defendant shall not offer any evidence or argument regarding the filing of motions for summary judgment or reference to any dismissed claims.

### III. *MIELL'S MOTION IN LIMINE*

The Motion in Limine (docket number 97) filed by Defendant Robert Miell is in seven parts:

### A. *Identifying American Family As a "Mutual" Insurance Company*

Apparently, American Family is a mutual insurance company, owned by its policyholders. Miell is concerned that "the fact that it is owned by policyholders, as opposed to stockholders, could cause jurors to view the company in a different light." *See* Motion in Limine (docket number 97) at 2. The Court doubts that the corporate structure of American Family will have any significant effect on the jury's deliberation of the issues. However, the fact that American Family is a "mutual" company has no particular probative value. Accordingly, the Court finds that the Motion in this regard should be **GRANTED**. The Plaintiff shall not offer any evidence or argument regarding the fact that American Family is owned by policyholders as opposed to stockholders. The Plaintiff may be referred to, however, by its legal name -- including the use of the word "mutual."

5

### B. Purchasing Properties at Sheriff's Sales

Miell requests that the Court enter an order prohibiting American Family from introducing evidence that he purchases property at sheriff's sales. At the time of hearing, counsel agreed that Miell's sophistication as a property owner and his frequent purchase of property insurance is relevant to the issues presented. Miell is concerned that evidence relating to his purchases of property at sheriff's sales, however, may lead jurors to believe that he is taking advantage of persons who are unable to pay their property taxes. Counsel agreed at the hearing that the manner in which the properties are acquired has no particular probative value. Accordingly, the Court finds that the Motion in Limine in this regard should be **GRANTED**. The Plaintiff shall not offer any evidence or argument regarding Miell's purchases of property at sheriff's sales.

### C. Value of Miell's Property, Debt Owed on the Property, and Miell's Net Worth

In his Motion in Limine, Miell concedes that "[i]f American Family generates a prima facie case entitling it to punitive damages, Miell's ability to pay would become relevant." *See* Motion in Limine (docket number 97) at 2. Given the undisputed facts, as set forth in the Stipulation of Facts agreed to by the parties in the Final Pretrial Order (docket number 110), it would appear likely that American Family will be able to establish a prima facie case for punitive damages. Accordingly, both parties will be entitled to offer evidence regarding Miell's net worth. In its Response to Miell's Motion in Limine, American Family concedes that Miell "is free to introduce evidence of all the taxes and other expenses that would be incurred if he were to liquidate" his properties. *See* Response to Motion in Limine (docket number 106) at 5. Accordingly, this portion of the Motion in Limine will be **DENIED**.

### D. Miell's Pending Criminal Charges

On November 28, 2007, Miell was charged by Indictment with nineteen counts of mail fraud. *See United States of America v. Robert Miell*, No. CR07-101 (N.D. Iowa). Six of those counts involve the claims for hail damage which are the subject of the instant

action. The remaining thirteen counts relate to an alleged scheme to defraud renters of their damage deposits. American Family argues that due to the pending criminal charges, Miell has a motive to lie in the instant civil action and, therefore, evidence of the pending charges is relevant on the issue of Miell's credibility.

American Family asserts that "Miell hopes to use a favorable verdict against American Family as evidence of his innocence in the criminal trial." *See* Response to Motion in Limine (docket number 106) at 7. According to American Family, "[t]his strategy creates a tremendous motive for Miell to alter his testimony in the present civil case -- in other words, *to lie* -- in order to maximize the chances of a favorable verdict here and, consequently, to minimize his chances of serving 380 years in prison." *Id.* (emphasis in original).

In criminal proceedings, it is not uncommon for parties to cross-examine the opposing party's witness regarding pending criminal charges, for the purpose of establishing their motive or bias.

> It is common for the defense to cross examine *prosecution* witnesses about charges pending against them; that they might be influenced by "self-interest", by their desire to please the government, is fairly apparent. (citation omitted) This court also permitted, before and after adoption of the Rules, the prosecution to impeach defense witnesses for bias by showing charges against them, subject always to the requirement, now embodied in Rule 403, that the probative value of this evidence is not substantially outweighed by danger of unfair prejudice.

*United States v. Spencer*, 25 F.3d 1105, 1109 (D.C. 1994). *See also Bellew v. Gunn*, 424 F. Supp. 31, 40 (N.D. Cal. 1976) ("Where the pendency of criminal charges may serve to bias a witness's testimony, however, the evidence is admissible for the narrow purpose of suggesting such bias."). A witness with pending charges may be biased because his testimony was "given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States." *Alford v. United States*, 282 U.S. 687, 693 (1931). *See also Hughes v. United States*, 427 F.2d 66, 68 (9th Cir. 1970) ("The defense should always have the opportunity to show by way of cross-examination or

otherwise that the actions of a government informer may have been impelled by an expectation of leniency in his own pending prosecution or sentence.").

At the time of hearing, the Court asked counsel to provide it with a case where evidence regarding pending criminal charges was admitted for the purpose of showing motive or bias by a civil litigant. Subsequent to the hearing, counsel for American Family cited *Penfield v. Venuti*, 589 F. Supp. 250 (D. Conn. 1984). There, plaintiff brought a civil action for injuries sustained in a motor vehicle accident. Plaintiff sought to question defendant regarding criminal charges which were filed against him stemming from the incident, but were subsequently dismissed. *Id.* at 253. The district court denied defendant's motion in limine. The court noted that "it is well-settled that 'evidence of arrest without conviction is not admissible to attack the credibility of a witness.'" *Id.* Nonetheless, citing Connecticut law, the court found that "evidence of an arrest without conviction is admissible for the limited purpose of showing a witness' interest, bias or motive to testify falsely." *Id.*

It can hardly be disputed, however, that the introduction of evidence regarding Miell's Indictment will have a substantial prejudicial effect. Obviously, an indictment is a mere allegation and does not establish proof of any wrongdoing. Nonetheless, a juror may improperly consider the evidence for purposes other than determining Miell's alleged motive to lie. The Court concludes that the probative value of the fact that criminal charges are pending against Miell is substantially outweighed by the danger of unfair prejudice. *See* FED. R. EVID. 403. Accordingly, the Motion in Limine in this regard will be **GRANTED**. Plaintiff shall not offer any evidence or argument regarding Miell's pending federal criminal charges.

### E. Newspaper Articles Relating to Miell

According to Miell, "[t]he local newspaper has had numerous stories concerning Miell, which have portrayed him in an uncomplimentary light." *See* Motion in Limine (docket number 97) at 3. American Family agrees that any reference to newspaper articles should be prohibited. Accordingly, the Motion in Limine is hereby **GRANTED**. Neither

party shall offer any evidence or argument relating to newspaper stories or other media accounts.

### F. Relationship Between Robert Miell and R. Gordon Sargeant

Miell requests that the Court enter an order prohibiting any evidence regarding a relationship between Miell and R. Gordon Sargeant. In its Response to the Motion in Limine, American Family claims that "the evidence concerning R. Gordon Sargeant would suggest that he is an imaginary person whom Miell invented." *See* Response (docket number 106) at 11.

Consideration of this issue requires a review of FEDERAL RULE OF EVIDENCE 404(b), which provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Evidence is admissible under Rule 404(b) if it is "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar and kind and close in time to the event at issue." *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998) (quoting *United States v. Aranda*, 963 F.2d 211, 215 (8th Cir. 1992)).

In this case, American Family argues that evidence regarding other fraudulent activity by Miell is relevant to the issue of his intent to deceive American Family. As set forth above, the Court has concluded that Miell should be permitted to offer evidence and argument that he did not have an intent to deceive American Family, notwithstanding his submission of false claims. Since his intent is thus put at issue, however, it necessarily follows that American Family should be permitted to introduce evidence of other acts which may be relevant in establishing Miell's intent. In that regard, American Family claims that it will be able to present evidence that Miell, acting without the time constraints which he claims were applicable here, provided false documentation to renters in order to

retain the damage deposits. The Court concludes that evidence of Miell's submission of other false claims or documents is relevant to the issue of his intent to deceive or absence of a mistake or accident. FED. R. CIV. P. 404(b) The acts are similar in kind and close in time to the events which give rise to this case. The Court believes that the probative value of such evidence outweighs its prejudicial effect. Accordingly, if American Family is able to prove the other wrongful acts (production and submission of false repair bills) by a preponderance of the evidence, then they are admissible pursuant to Rule 404(b). *Berry*, 143 F.3d at 1132.

In response to the Motion in Limine, American Family alleges that R. Gordon Sargent "is an imaginary person whom Miell invented." *See* Response to Motion in Limine (docket number 106) at 11. According to American Family, R. Gordon Sargent "is just a particular species of the above-described 404(b) evidence concerning Miell's habitual fraud." *Id.* It is unclear to the Court, however, precisely what evidence is contemplated by American Family regarding R. Gordon Sargent. Accordingly, the Court concludes that American Family must first proffer the evidence outside the presence of the jury, so the Court may determine whether it is admissible under the test set forth in *Berry* and *Aranda*.

### G. *Other Alleged Wrongful Acts Not Related to American Family's Allegations*

As set forth above, the Court has concluded that American Family may introduce evidence regarding other wrongful acts if it can establish by a preponderance of the evidence that the acts are relevant to the issue of Miell's intent to deceive, are "similar in kind and close in time" to the events at issue in this case, and that the probative value of the evidence is higher than its prejudicial effect. Generally, it is anticipated that evidence of Miell's preparation of forged repair bills and similar documents will be admissible. Since the Court has not been provided with the specific evidence in that regard, however, American Family must first proffer the evidence outside the presence of the jury so that the Court may determine its admissibility.

## IV. THROLSON'S MOTION IN LIMINE

The Motion in Limine (docket number 93) filed by Third-Party Defendants Brett Throlson and Brett Throlson Agency, Inc., is in five parts.

### A. Existence of Liability Insurance

Throlson requests that the Court enter an order prohibiting any evidence relating to "[t]he existence of liability insurance to fund all or any portion of any judgment rendered in favor of third party plaintiff." *See* Motion in Limine (docket number 93) at 1. Miell does not object to this part of the Motion in Limine and the Court finds that it should be **GRANTED**. Neither party shall offer any evidence or argument regarding the existence of liability insurance.

### B. Opinion Testimony Regarding Whether Throlson is Telling the Truth

Throlson seeks an order prohibiting the admission of any testimony, whether lay or expert, regarding whether Throlson is "telling the truth." Miell does not object to this part of the Motion in Limine and the Court finds that it should be **GRANTED**. Neither party shall offer any opinion evidence regarding whether Throlson is telling the truth.

### C. Any Reference to Any Statute, Rule or Regulation

Throlson requests that the Court enter an order prohibiting Miell from offering any testimony regarding any statute, rule or regulation unless the Court specifically rules otherwise. Miell does not object to this part of the Motion in Limine and the Court finds that it should be **GRANTED**. Neither party shall make reference to any statute, rule or regulation unless the Court specifically rules otherwise.

### D. Damages in Excess of the Amounts Claimed

Throlson requests that the Court enter an order prohibiting Miell from offering any evidence or argument regarding "[a]ny claims for damages in amounts above the amounts disclosed in third party plaintiff's answers to Interrogatories." *See* Motion in Limine (docket number 93) at 2. In a response filed on the day of hearing, Miell states that he "believes that the amounts identified in the Pretrial Order would govern." *See* Response

to Motion in Limine (docket number 109). While the record is somewhat imprecise, the parties are apparently in general agreement in this regard. Therefore, the Court finds that the Motion in Limine should be **GRANTED**. Miell shall not offer evidence or argument of damages in excess of the amounts set forth in the Pretrial Order.

### E. *Transcript of Tape Recorded Conversations Between Miell and Throlson*

Throlson objects to the introduction of "[a]ny transcript of tape recorded conversations between Robert Miell and Bret [sic] Throlson." *See* Motion in Limine (docket number 93) at 2. At the time of hearing, counsel for Miell indicated that he does not intend to offer a transcript of the tape recorded conversation. In fact, he may not make any reference to the tape recording. The Court concludes that the Motion in Limine should be **GRANTED**. Neither party shall make any reference to the fact that the conversation was tape recorded, or to the recording itself, or to any possible transcript of the recording, without first raising the issue with the Court outside the presence of the jury.

## V. ORDER

IT IS THEREFORE ORDERED that the above-referenced Motions in Limine are hereby **GRANTED IN PART** and **OVERRULED IN PART** as set forth above. To the extent that a motion was granted, counsel shall not offer any evidence or argument in that regard, shall not make any reference to the jury in that regard, and shall instruct their witnesses not to volunteer any comments in that regard.

DATED this 2nd day of January, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA