IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ROBERT MIELL,<br><br>    Defendant/Counterclaimant.<br>------------------------------------------------<br>ROBERT MIELL,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and<br>BRETT THROLSON AGENCY, INC.,<br><br>    Third-Party Defendants. | No. C04-0142<br><br>**RULING ON MOTION TO STAY** |

This matter comes before the Court on the Motion to Stay Enforcement and/or Execution of Judgment (docket number 162) filed by Defendant Robert Miell on February 12, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

### *RELEVANT FACTS*

On January 7, 2008, this matter came on for jury trial on the First Amended and Substituted Complaint (docket number 24) filed by American Family Mutual Insurance Company ("American Family"). Pursuant to the Jury's verdict, judgment was entered in favor of American Family and against Defendant Robert Miell ("Miell") in the amount of $1,565,096.74, plus interest as provided by law. Miell subsequently filed a Motion for

1

New Trial (docket number 164) and a Motion for Judgment as a Matter of Law (docket number 165), which remain pending.

Miell also filed the instant Motion to Stay (docket number 162), requesting the Court to enter an order staying enforcement and/or execution of the judgment pending the resolution of the post-trial motions. In its Resistance (docket number 174), American Family does not object to the issuance of a stay, provided Miell posts a supersedeas bond to provide adequate security for its judgment.

## *DISCUSSION*

The Court is authorized pursuant to FEDERAL RULE OF CIVIL PROCEDURE 62(b) to stay the execution of a judgment pending disposition of post-trial motions.

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of [specified post-trial motions].

FED. R. CIV. P. 62(b).[1]

While American Family concedes that the Court has discretion to issue a stay, it argues that the posting of a supersedeas bond is required.

> In Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not the requirement of the appropriate security. While American Family does not resist the Court granting a stay pursuant to Rule 62(b), the security requirement is mandatory.

*See* American Family Mutual Insurance Company's Brief in Support of its Resistance (docket number 174-2) at 3. In his Reply, Miell argues that a supersedeas bond is not required, since his "substantial real estate holdings provide adequate security for American

---

[1] Prior to December 1, 2007, Rule 62(b) provided that "in its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of [specified post-trial motions]." The Rule was amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The change was intended to be stylistic only. *See* FED. R. CIV. P. 62, Advisory Committee Notes.

Family while this Court considers the pending post-trial motions." *See* Miell's Reply Brief (docket number 178) at 4.

The purpose of requiring a supersedeas bond to be posted is to preserve the status quo while protecting the non-appealing party's rights. *Goss Intern. Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 2006 WL 4757279 (N.D. Iowa) at *2 (quoting *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991)). "The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996) at n.8. "Ordinarily" this is accomplished by requiring a supersedeas bond. *Id.*

The United States District Court for the Southern District of Iowa has recognized a "policy" against unsecured stays during the pendency of post-trial motions. *See Ssangyong v. Innovation Group, Inc.*, 2000 WL 1339229 (S.D. Iowa) at *1 ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial."). Citing the same policy, the Court in *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984) held that "if an unsecured stay is to be granted, the burden is on defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." (cited with approval in *Frankel v. ICD Holdings*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996)).

When addressing the issue of bond on appeal, it would appear that the majority of jurisdictions authorize the Court to waive the bond under appropriate circumstances. *See, e.g., Hurley v. Atlantic City Police Dept.*, 944 F. Supp. 371, 374 (D.N.J. 1996) ("the predominant and more persuasive view is that Rule 62(d) permits" the district court to grant a stay without a bond); *Adzick v. Unum Life Ins. Co.*, 2003 WL 21011345 (D. Minn.) ("The Court, however, is authorized to 'waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond.'"); and *Federal Prescription Service v. American Pharmaceutical Ass'n*, 636 F.2d 755, 758 (1980) (The fact that an appellant may obtain a stay as a matter of right by filing a supersedeas bond,

"does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate.").

Accordingly, while the Court agrees with American Family that it must consider "appropriate terms" for American Family's security in granting any stay, it also agrees with Miell that the appropriate terms need not necessarily include a supersedeas bond.[2] That is, the Court believes that it is within its discretion to determine whether a supersedeas bond is required to protect American Family's interests.

In support of his request that bond not be required for the issuance of a stay, Miell notes that the parties stipulated at trial that his net worth is in excess of $40 million. Miell argues that "[t]he bulk of Miell's assets are tied up in real estate, which is not readily moveable." At the time of trial, however, Miell testified that the figure was somewhat illusory and misleading. According to Miell, if he was required to liquidate his substantial real estate holdings, it would have a depressive effect on the market. In addition, the tax consequences of liquidating his assets would be substantial and, together with expenses and other factors, reduce the amount which he would "net" from liquidating his property.

American Family argues, on the other hand, that if Miell is not required to post a supersedeas bond, American Family is at risk that he "could develop some scheme to siphon the equity out of his real estate without American Family's knowledge." In reply, Miell suggests that "[t]o address American Family's concern, an Order directing Mr. Miell to give written notice to American Family's attorneys before any sale or encumbrance of his real estate could be entered." Under the circumstances, however, American Family is presumably reluctant to rely on the veracity of Miell's written notices.

The Court concludes that in order to preserve the status quo and safeguard American Family's interest in its judgment, a supersedeas bond should be required. In this way, American Family is protected from Miell disposing of assets during the pendency of the post-trial motions. As noted in *International Wood Processors*, however, "the risk of

---

[2] This interpretation is consistent with the language of the Rule prior to its recent amendment, which provided the Court may stay the execution of a judgment "on such conditions for the security of the adverse party as are proper."

an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal." 102 F.R.D. at 215. That is, the post-trial motions will generally be resolved in far less time than an appeal and, therefore, the risk that assets will disappear is diminished. *Id.* After considering all of these facts and circumstances, the Court concludes that a stay of enforcement may be granted, conditioned upon Miell posting a supersedeas bond in the amount of $500,000.[3]

## ORDER

IT IS THEREFORE ORDERED that the Motion to Stay Enforcement and/or Execution of Judgment (docket number 162) filed by Defendant Robert Miell on February 12, 2008, is hereby **GRANTED** as follows: Upon the filing by Miell of a supersedeas bond in the amount of Five Hundred Thousand Dollars ($500,000), American Family may not execute upon the judgment--or institute any proceedings to enforce it--pending disposition of Miell's Motion for New Trial (docket number 164) and Motion for Judgment as a Matter of Law (docket number 165).

DATED this 19th day of March, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[3] The Court makes no judgment regarding what bond may be appropriate to obtain a stay during any appeal.