IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ROBERT MIELL,<br><br>    Defendant/Counterclaimant.<br><br>--------<br><br>ROBERT MIELL,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and BRETT THROLSON AGENCY, INC.,<br><br>    Third-Party Defendants. | No. C04-0142<br><br>RULING ON MOTION FOR SUMMARY JUDGMENT |

## TABLE OF CONTENTS

*I. INTRODUCTION* .................................................. 2

*II. PROCEDURAL HISTORY* ........................................ 2

*III. RELEVANT FACTS* .............................................. 4
    *A. Hail Damage Claims* ........................................ 5
    *B. Third Party Claims* ......................................... 7

*IV. LEGAL STANDARD FOR SUMMARY JUDGMENT* ............. 8

*V. DISCUSSION* ..................................................... 9
    *A. Was the Counterclaim properly filed?* ..................... 9
    *B. Is American Family Entitled to Summary Judgment?* ..... 9

*VI. ORDER* .......................................................... 10

## I. INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment (docket number 190) filed by the Plaintiff/Counterclaim Defendant, American Family Mutual Insurance Company ("American Family"), on March 14, 2008; the Resistance (docket number 207) filed by Defendant/Counterclaimant Robert Miell ("Miell") on April 4, 2008; and the Reply (docket number 215) filed by American Family on April 10, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On October 20, 2004, American Family filed a Complaint (docket number 2) against Miell claiming entitlement to recover damages for insurance proceeds which were paid to Miell, allegedly as a result of his wrongful conduct. On January 21, 2005, Miell filed an Answer (docket number 12), denying the material allegations. Miell amended his Answer on May 9, 2005, adding a counterclaim against American Family and a third-party claim against Brett Throlson and Brett Throlson Agency, Inc. (collectively "Throlson"), an American Family insurance agent. *See* Answer to Complaint, Counterclaim and Third Party Claim (docket number 19) (Plaintiff's App. at 5-6).[1]

In his counterclaim, Miell alleged that American Family breached its contract of insurance by failing to defend and indemnify Miell against "certain liability claims growing out of claims by tenants claiming injuries on Miell's properties."[2] Count I of the counterclaim requested money damages for breach of contract. In Count II, Miell requested that the Court enter "a judgment declaring that American Family is obligated to provide coverage and a defense to the property-related claims." In Count III, Miell

---

[1] Following an Amendment to the Complaint by American Family, Miell filed an amended answer and counterclaim, but the claims remained the same. *See* docket number 26 (Plaintiff's App. at 7-8).

[2] *See* Answer to Complaint, Counterclaim and Third Party Claim (docket number 26), ¶ 161 at 13.

claimed entitlement to compensatory and punitive damages as a result of American Family's alleged bad faith.

On June 1, 2006, American Family filed a Motion for Partial Summary Judgment (docket number 44), requesting that Counts I and III of Miell's counterclaim be summarily dismissed. The Motion was granted by the Court in an Order (docket number 66) filed on October 4, 2006. Accordingly, only Count II of the counterclaim, seeking declaratory judgment, remained.

American Family's law claims against Miell proceeded to trial to a jury on January 7, 2008. In a telephonic conference held shortly before the trial, the Court and counsel discussed the submission of Miell's declaratory judgment claim. The Court was advised that Miell had settled the claims which constituted the basis of his counterclaim and, therefore, he would be seeking monetary damages. Miell had not previously attempted to amend his counterclaim, however, and no discovery had been conducted regarding the apparent settlements. Accordingly, counsel agreed that the counterclaim would be severed from the upcoming trial and Miell would waive any right to a jury trial on the counterclaim. It was also agreed that American Family's equitable claims would be determined by the Court at a later time.

On January 7, 2008 (the day that trial commenced), the Court entered an Order which provided, in part, as follows:

> 4. By consent of all of the parties, including Plaintiff and Defendant, Defendant's remaining counterclaim, Count II, against Plaintiff will not be submitted to the jury. Instead, it will be decided by the Court at a later date following additional proceedings as ordered by the Court. The parties agree, however, that in resolving Count II, the Court may base findings upon evidence presented to the jury, and that evidence presented to the jury will not have to be re-presented to the Court. The parties also agree that any captions presented to the jury will exclude any reference to the counterclaim.
>
> 5. By consent of all of the parties, including Plaintiff and Defendant, Plaintiff's equitable claims will be decided by the

3

Court at a later date following additional proceedings as ordered by the Court. The parties agree that in resolving those equitable claims, the Court may base findings upon evidence presented to the jury, and that evidence presented to the jury will not have to be re-presented to the Court.

Order (docket number 122), ¶¶ 4 and 5, at 2.

The jury returned a verdict in favor of American Family on January 15, 2008. *See* Verdict Form (docket number 147) (Plaintiff's App. at 46-49). On January 16, 2008, the Court entered an Order (docket number 148), setting a telephonic status hearing "in order to determine the manner in which [American Family's equitable counts and Miell's declaratory judgment count] will be determined." At the hearing on January 31, it was determined that American Family would voluntarily dismiss its equitable claims. In addition, the Court ordered that "[n]ot later than February 11, 2008, Defendant shall file a motion for leave to amend Count II of his Counterclaim." *See* Order for Judgment (docket number 156) (Plaintiff's App. at 50-52).

On February 11, 2008, Miell filed an Amendment to Counterclaim (docket number 161) (Plaintiff's App. at 53-56). Miell alleges generally that American Family breached its contract by voiding certain policies and failing to defend and indemnify Miell from claims made against Miell "on behalf of certain members of the Peckman family based upon a claim that was asserted on June 30, 2001," and claims made against Meill "on behalf of certain members of the Matthews family based upon a claim that was asserted on July 24, 2003." (Plaintiff's App. at 54.) In its instant Motion, American Family requests that the claim be summarily dismissed.

### III. RELEVANT FACTS

Miell, age 53, has acquired a substantial number of rental properties in the Cedar Rapids, Iowa, area. Beginning with a single rental house in 1980, Miell now owns approximately 1,000 rental units which, according to a Stipulation introduced at the time of trial as Exhibit 231, are valued at $75 million to $80 million. The debt on the properties is approximately $28 million and the parties stipulated that Miell's net worth "is

4

in excess of $40 million, subject to capital gains taxes and depreciation recapture if his properties are sold." (Plaintiff's App. at 27.)

Miell purchased casualty and liability commercial insurance coverage for his rental properties from American Family through numerous business owners package policies, also known as "BOPPs." The insurance policies provided coverage for casualty losses, including hail damage. The BOPPs also provided liability insurance coverage to Miell for the insured properties.

### A. *Hail Damage Claims*

On May 10, 2001, a hail storm damaged many of the roofs that were insured under the BOPPs. Between August and October 2001, American Family paid Miell the "actual cash value" of the damages to 145 roofs. (Plaintiff's App. at 31.) Miell subsequently submitted documentation to American Family seeking additional payment pursuant to the "replacement cost" provisions of the policies. In the Stipulation (Exhibit 231) introduced at the time of trial, however, Miell admitted that the documents were false.

> Subsequent to his receipt of the ACV payments for the 145 claims, Miell submitted documents that suggested the roofs at issue in those claims had been replaced or repaired when in fact they had not. Miell submitted those documents to receive the replacement cost benefits. Miell "does not dispute that he submitted information suggesting that repairs had been made in order to obtain the replacement cost coverage[.]"

Stipulation, Plaintiff's Exhibit 231 (Plaintiff's App. at 31).

Similarly, Miell admitted at the time of trial that he breached the contracts of insurance by submitting fraudulent claims. Under examination by American Family's counsel, Miell testified as follows:

> Q. Mr. Miell, I listened to Mr. Riley's opening statement yesterday. Sir, do you now admit that you breached the American Family contracts of insurance?
>
> A. Yes, sir, I do.
>
> Q. That's your position; correct?

5

A. Yes, sir.

Excerpts of Robert Miell's testimony from the jury trial (Plaintiff's App. at 34-36), Trial Tr. 6:23-7:3.

Miell was shown a copy of the General Conditions section of the BOPPs policies relating to "misrepresentation, concealment or fraud," which provides as follows:

> **Misrepresentation, Concealment or Fraud.** This entire policy is void if, whether before or after a loss:
> a. An insured has willfully concealed or misrepresented:
> (1) Any material fact or circumstance concerning this insurance; or
> (2) An insured's interest herein.
> b. There has been fraud or false swearing by an insured about any matter concerning this insurance.

Stipulation (Tr. Ex. 231), ¶ 24 at 5 (Plaintiff's App. at 30).

Miell was then asked the following:

Q. Is that the provision of the policy of insurance that you admit you breached?
A. Yes, it is, sir.
Q. Among other provisions of the policy of insurance?
A. I breached this portion, yes.
Q. Did you also breach the policy of insurance by receiving replacement cost payments when you had not replaced the roofs?
A. I was entitled to that money and I put all the money back into the roofs, so I do not feel that I defrauded or misrepresented that point.
Q. My question, sir, was if you breached that provision of the policy by receiving replacement cost benefits when you had not replaced the roofs?
A. Yes, I did.

Excerpts of Robert Miell's testimony from the jury trial (Plaintiff's App. at 34-36), Trial Tr. 7:21-8:10.

## B. Third Party Claims

In his Amendment to Counterclaim (docket number 161) filed on February 11, 2008, Miell claims entitlement to damages resulting from American Family's refusal to defend and indemnify Miell on the "Peckman claim" and "Matthews claim." In his Resistance to American Family's instant Motion for Summary Judgment, Miell concedes that the insurance policy issued by American Family has an exclusion for lead paint claims and, therefore, would not provide coverage for the Matthews claim. "Accordingly, Miell withdraws the Matthews claim from his Counterclaim."[3]

The relevant facts underlying the Peckman claim are undisputed[4] and may be briefly stated as follows. The Peckmans claimed that on or about June 30, 2001, they discovered that mold in a residence rented from Miell "was the cause of various illnesses they had suffered." The Peckman residence was covered by one of the BOPPS policies issued by American Family. On March 1, 2002, Miell reported the Peckman claim to American Family. The Petition in the Peckman lawsuit was filed in the Iowa District Court for Linn County on December 19, 2002. American Family initially provided a defense pursuant to a reservation of rights letter dated January 17, 2003. (Plaintiff's App. at 72-79.)

In August 2004, however, American Family withdrew its defense in the Peckman case, claiming that the policy of insurance which provided coverage was void as a consequence of Miell's fraudulent claims following the hail storm. The Peckman lawsuit was subsequently settled by Miell and the action was dismissed with prejudice on November 15, 2006. At no time prior to December 13, 2007, did Miell disclose to American Family the amount he allegedly paid to settle the Peckman lawsuit. According to the Amendment to Counterclaim, "Miell was required to incur expenses in excess of $20,000.00 defending the Peckman claim and ultimately settled it by a payment of $19,000.00." *See* Amendment to Counterclaim (docket number 161) ¶ 10 at 3.

---

[3] Resistance to Motion for Summary Judgment (docket number 207), ¶ 5 at 2.

[4] *See* American Family's Statement of Undisputed Facts (docket number 190-3), ¶¶ 4-12 at 2-4, and Miell's Response (docket number 207-4).

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party.'" *Friends of Boundary Waters Wilderness v. Bosworth*, 437 F.3d 815, 821 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is a "material fact" when it "might affect the outcome of the suit under the governing law. . . ." *Anderson*, 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America, Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears the initial responsibility of informing the court of the basis for its motion, and must identify those portions of the record which it contends show a lack of a genuine issue of material fact. *Heisler v. Metropolitan Council*, 339 F.3d 622, 631 (8th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (same). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see, e.g., Baum v. Helget Gas Products, Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. DISCUSSION

### A. Was the Counterclaim properly filed?

Initially, American Family argues that the Amendment to Counterclaim should be stricken or disregarded as a consequence of Miell's failure to comply with FEDERAL RULE OF CIVIL PROCEDURE 15. Specifically, American Family notes that in its Order of January 31, 2008, the Court provided that "[n]ot later than February 11, 2008, Defendant *shall file a motion for leave to amend* Count II of his Counterclaim." (Plaintiff's App. at 52 (emphasis added).) Rather than file a motion for leave to amend, however, Miell simply filed the instant Amendment to Counterclaim.

As set forth above, Count II of Miell's Counterclaim initially sought declaratory judgment, seeking a court order establishing that American Family was required to defend and indemnify the third-party claims. It was discussed shortly before the trial, however, that Miell had settled those claims and was intending to seek monetary damages. Since American Family had been unable to conduct discovery on the reasonableness of the alleged settlements, the issue could not be submitted to the jury with the Plaintiff's claims. Rather than simply deny any motion for leave to amend as untimely, the Court agreed that Miell could amend the Counterclaim following the trial and the matter would then be submitted to the Court without a jury. On the day of trial, "[b]y consent of all of the parties," the Court ordered that Miell's remaining Counterclaim "will be decided by the Court at a later date following additional proceedings as ordered by the Court."[5] Accordingly, while the Amendment to Counterclaim does not strictly comply with the Court's Order or the FEDERAL RULES OF CIVIL PROCEDURE, the Court nonetheless concludes that it should be addressed on its merits.

### B. Is American Family Entitled to Summary Judgment?

It is undisputed that Miell breached the "fraud clause" found in the insurance contract. Miell stipulated at the time of trial that he submitted claims to American Family

---

[5] *See* Order (docket number 122), ¶ 4 at 2.

to receive the replacement cost benefits of the policy "that suggested the roofs at issue in those claims had been replaced or repaired when in fact they had not."[6] Furthermore, as set forth in Part III(A) above, Miell admitted at the time of trial that he breached the fraud provision of the policy "by receiving replacement cost benefits when you had not replaced the roofs." As a consequence of Miell's testimony, the Court instructed the jury, without objection, that the element requiring American Family to prove that Miell had breached the contract "has been established as a matter of law."[7]

Miell argues, however, that the insurance policy was not voided by his breach of contract, due to the operation of Iowa Code Section 515.101. In its ruling on Miell's Motion for Judgment as a Matter of Law, filed contemporaneously with this ruling, the Court considered and rejected Miell's argument in this regard. The Court will not repeat the analysis here. In brief, the Court concludes that Miell waived or forfeited his right to rely on Section 515.101 by failing to raise the issue timely.

The Court concludes that as a consequence of Miell's breach of the "fraud clause" of the insurance contract, the policy providing coverage to the Peckman residence was properly declared void. *See Webb v. American Family Mutual Ins. Co.*, 493 N.W.2d 808, 811 (Iowa 1992) (if a material misrepresentation is "made with intent to defraud, the 'fraud clause' would void the policy."). The policies were void as of May 10, 2001, the date of the hail storm. Accordingly, American Family had no obligation to defend or indemnify claims arising after that date. The Court concludes that there is no genuine issue material fact and American Family is entitled to judgment as a matter of law.

## VI. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion for Summary Judgment (docket number 190) filed by American Family on March 14, 2008, is hereby **GRANTED**.

---

[6] *See* Stipulation, Plaintiff's Exhibit 231, ¶ 30 (Plaintiff's App. at 31).

[7] *See* Final Jury Instructions (docket number 140), Instruction Numbers 5-6.

2. The Amendment to Counterclaim (docket number 161) filed by Miell on February 11, 2008, is hereby **DISMISSED**.

DATED this 1st day of July, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA