IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT MIELL,<br><br>Defendant.<br>---<br>ROBERT MIELL,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and BRETT THROLSON AGENCY, INC.,<br><br>Third-Party Defendants. | No. C04-0142<br><br>ORDER REGARDING STAY OF EXECUTION PENDING APPEAL |

This matter comes before the Court on the Motion to Approve Supersedeas Bond and Alternate Security Pending Appeal and for Other Relief (docket number 228) filed by Defendant Robert Miell on July 3, 2008, and the Resistance (docket number 230) filed by Plaintiff American Family Mutual Insurance Company on July 9, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

On January 31, 2008, judgment was entered in favor of American Family and against Miell in the amount of $1,565,096.74, with interest as provided by law. *See* Judgment in a Civil Case (docket number 157). By American Family's calculation, the amount now due, including interest through July 1, 2008 and court costs, is $1,674,918.20. *See* Praecipe (docket number 229).

1

The Court previously ordered, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 62, that execution on the judgment be stayed pending disposition of Miell's post-trial motions. *See* Ruling on Motion to Stay (docket number 194). Pursuant to the Court's Order, Miell filed a supersedeas bond in the amount of $500,000. The post-trial motions have now been resolved, however, and American Family seeks to enforce its judgment. *See* Writ of General Execution (docket number 229). In his instant motion, Miell requests that the Court approve the supersedeas bond previously issued as adequate security pending appeal and extend the stay of execution. Alternatively, Miell requests that he be given until July 31, 2008 to file a supersedeas bond and that execution not issue on the judgment until August 1, 2008.

FEDERAL RULE OF CIVIL PROCEDURE 62(d) authorizes a "stay with bond on appeal."

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d).

In its ruling on Miell's motion to stay execution of judgment pending resolution of his post-trial motions, the Court discussed the purpose and policy of requiring a supersedeas bond. *See* Ruling on Motion to Stay (docket number 194). That discussion will not be repeated here. After reviewing the law and the facts in this case, the Court concluded that a stay of execution pending a resolution of the post-trial motions was appropriate upon the filing of a $500,000 supersedeas bond. The Court noted, however, that "the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal." *Id.* at 4-5 (quoting *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215 (D.S.C. 1984)). The Court specifically indicated that it "makes no judgment regarding what bond may be appropriate to obtain a stay during any appeal." *Id.* at 5, n.3.

As noted by American Family in its resistance, circumstances have also changed since the Court's prior ruling. The Court takes judicial notice of the historic flood which occurred in Cedar Rapids during June 2008. It is reported that approximately 4,000 homes were damaged as a result of flooding and perhaps 2,000 homes may be destroyed. The Court does not know how many of Miell's properties were damaged, the extent of damage, the effect of the flooding on their fair market value, the cost of repair or renovation, or the amount of flood insurance, if any. While Miell stipulated at trial that his net worth was in excess of $40 million, he then testified that the figure was somewhat illusory and misleading. Presumably, the flooding has negatively affected the value of Miell's assets.

Miell's future, and that of his real estate business, is further clouded by the pendency of criminal charges. On April 8, 2008, Miell was charged in a Superseding Indictment with eighteen counts of mail fraud, one count of perjury, and two counts of filing false tax returns. *See United States v. Robert Miell*, 07-cr-101 (N.D. Iowa). Trial is scheduled on September 15, 2008. If convicted, Defendant faces a substantial prison term.

The purpose of requiring a supersedeas bond to be posted is to preserve the status quo while protecting the non-appealing party's rights. *Goss Intern. Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 2006 WL 4757279 (N.D. Iowa) at *2 (quoting *Beatrice Foods Co. v. New England Printing & Lithographic Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991)). Generally, preserving the status quo requires posting bond for the full amount owed.

> The predecessor to present Fed. R. Civ. P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule.

*Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). *See also United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Hawaii 2008) ("a full supersedeas bond should be the requirement in normal circumstances"). The burden of justifying a bond less than the full amount owed lies with the moving party.

> If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

*Poplar Grove*, 600 F.2d at 1191.

After considering all of the facts and circumstances, the Court concludes that Miell should be required to post a supersedeas bond in the amount of 110 percent of the original judgment. Rounded, the Court concludes that bond should be required in the amount of $1,725,000.

## ORDER

IT IS THEREFORE ORDERED that Miell's Motion (docket number 228) to approve the supersedeas bond previously filed is **DENIED**. A stay of execution of judgment may issue pending appeal, however, if Miell posts a supersedeas bond in the amount of One Million Seven Hundred Twenty-Five Thousand Dollars ($1,725,000.). Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 62(d), the stay will take effect when the Court approves the bond. In order to give Miell an opportunity to obtain the required bond, American Family may not execute upon the judgment -- or institute any proceedings to enforce it -- until August 1, 2008.

DATED this 16th day of July, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA