IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT MIELL,<br><br>Defendant.<br><br>-------------------------------------------------<br><br>ROBERT MIELL,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>BRETT THROLSON and<br>BRETT THROLSON AGENCY, INC.,<br><br>Third-Party Defendants. | No. C04-0142<br><br>ORDER DENYING MOTION TO OVERTURN OR SET ASIDE |

This matter comes before the Court on the "Motion to Overturn and Set Aside the Jury Verdict" (docket number 252) filed *pro se* by Defendant Robert Miell on March 24, 2010; the Resistance (docket number 253) filed by Plaintiff American Family Mutual Insurance Company on March 26, 2010; and the Joinder (docket number 254) filed by Third-Party Defendants Brett Throlson and Brett Throlson Agency, Inc. on March 29, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

*RELEVANT FACTS AND PROCEEDINGS*

On October 20, 2004, American Family filed a Complaint (docket number 2) seeking compensatory and punitive damages from Miell for, among other things, fraud and

1

breach of contract. Following a six-day trial, a jury concluded that American Family was entitled to compensatory damages in the amount of $547,764.44 and punitive damages in the amount of $1,017,332.30. *See* Verdict Form (docket number 147). On January 31, 2008, judgment entered accordingly. *See* docket number 157.

On February 14, 2008, Miell timely filed a Motion for New Trial (docket number 164) and Motion for Judgment As a Matter of Law and/or to Alter or Amend the Judgment (docket number 165). Those motions were denied by the Court in a Ruling on Post-Trial Motions filed on July 1, 2008. *See* docket number 225.

On July 31, 2008, Miell filed a timely notice of appeal (docket number 232). American Family cross-appealed the Court's denial of their request for attorney fees. On December 1, 2008, however, the parties jointly filed a "Dismissal of Appeal and Cross-Appeal With Prejudice," indicating that they "have reached a settlement of this matter." The appeals were thereby dismissed on December 3, 2008. *See* docket number 238.

Now, more than a year later and on the eve of his sentencing in a related criminal proceeding, Miell asks that the Court "overturn and set aside" the jury verdict. Miell argues that he is entitled to that relief "for conflict of interest of Federal Chief Judge Linda Reade and for ineffective assistance of counsel of defendant Robert Miell having a detrimental impact on Federal case No. CR-07-0101." Miell asserts in his 44-page handwritten motion that his trial counsel in this civil proceeding was ineffective. Miell also asserts that his post-trial attorney was ineffective, as well as various attorneys hired by him in the criminal proceeding.

## DISCUSSION

Miell does not cite any rule, statute, or case authority to support his motion. Accordingly, the Court is left to speculate in that regard. The Court declines to do so. It would appear, however, that under any possible theory, the instant motion is untimely. *See, e.g.*, FEDERAL RULE OF CIVIL PROCEDURE 59(b) (motion for new trial must be filed no later than 28 days after the entry of judgment); FED. R. CIV. P. 59(e) (motion to alter

or amend the judgment must be filed no later than 28 days after the entry of judgment); and FED. R. CIV. P. 60(c) (motion for relief from judgment must be filed no later than one year after entry of judgment). Furthermore, Miell is estopped by virtue of the parties' settlement, and dismissals of the appeals, from pursuing the relief requested here.

While it is unnecessary for the Court to consider the motion on its merits, the Court notes that the two grounds asserted by Miell are frivolous. First, Miell claims that the case is infected with a conflict of interest by Chief Judge Linda R. Reade. While Chief Judge Reade was automatically assigned to the case when it was filed on October 20, 2004, the file reflects that the case was reassigned by Judge Edward J. McManus *on the following day*. Chief Judge Reade had no involvement in this case whatsoever. Second, Miell's claim of ineffective assistance of counsel simply does not provide any relief in a civil case. *See Taylor v. Dickel*, 293 F.3d 427, 431 (8th Cir. 2002) ("[T]his court has previously held that 'there is no constitutional or a statutory right to effective assistance of counsel in a civil case,' and that the proper remedy in such cases is an action for malpractice.") (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980)). Miell also emphasizes the adverse effect which this case – and his testimony at the time of trial – had on the subsequent criminal case. Even assuming that Miell is correct in his belief, that fact does not support his request to "overturn and set aside" the result here.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to Overturn and Set Aside the Jury Verdict (docket number 252) filed by Defendant Robert Miell on March 24, 2010 is hereby **DENIED**.

DATED this 29th day of March, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

3